IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST            )
FROM THE UKRAINE                   )
IN THE MATTER OF                   )    Misc. No. 08-
BONIS LOGISTICS, INC.              )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged customs fraud.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information from a company which resides in this District and the Delaware Secretary of State's Office. Thus, the information the Ukrainians seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application

of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte*, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 2/14/08



Public Prosecution of Ukraine

# PROSECUTOR GENERAL'S OFFICE OF UKRAINE

13/15 Riznytska Str., Kyiv, 01011

*05*.10.07 № 14/2-28179-07  
To № _____ of _____

Mr. Rex Young  
Senior Counsel  
Office of International Affairs  
U.S. Department of Justice  
Suite 800  
1301 New York Ave., N.W.  
Washington, D.C. 20005

Dear Mr. Young,

The Prosecutor General's Office of Ukraine presents its complements to the Department of Justice of the United States of America and, in compliance with the provisions of the Treaty between Ukraine and the United States of America on Mutual Legal Assistance in Criminal Matters of 22.07.98, applies with the request for providing legal assistance.

The Investigation Division of the Department of the Security Service of Ukraine in Mykolayiv region is investigating the criminal matter № 352 initiated by the elements of crime envisaged by Section 1 of Article 201 of the Criminal Code of Ukraine – smuggling. In the course of investigation of the case a need to carry out investigative actions on the territory of the United States of America has arisen. In connection with this fact the enclosed request for providing legal assistance has been prepared.

Referring this request, the Prosecutor General's Office of Ukraine guarantees that the criminal matter doesn't have as an object the prosecution by political motives. All information and materials, which will be obtained in the course of execution of this request, will be used solely for the sake of the establishment of the objective truth in this criminal matter and won't damage the interests of the United States of America and its citizens.

Please inform the Prosecutor General's Office of Ukraine about results of the consideration of the request with reference to № 14/2-28179-07.

In case if the request can't be satisfied, please inform the Prosecutor General's Office of Ukraine about the reasons, which prevent it.

Enclosure: on 20 pages.

Respectfully yours,

Head
International Law Department                "signature"              Vitaliy Kasko
By: O.S.Pidgaynyy, tel. +38-044-288-83-15

Translator of the Prosecutor General's Office of Ukraine:                          A. Marchenko

# The petition for a legal aid with the criminal case № 352 investigation.

According to the Agreement on mutual legal assistance between Ukraine and the USA, dated 22. 07. 1998.

The Investigation Department of the Ukrainian Security Service in Nikolaev region investigates the criminal case № 352, instituted on the fact of the illegal import of the refined-cooper tubes. These actions are considered to be the crime, specified by the article 201, part 1 of the Ukrainian Criminal Code.

Article 201. Smuggling

Smuggling is the illegal transfer of goods, currencies, historical and cultural values, poison gases, radioactive materials, explosives, arms, ammunitions, except smoothbore sporting gun, and the strategic raw materials through the Custom office without any custom examination or with the attempt to avoid such one.
The transfer of the above said items may be made only in the accordance with the state legislation.
Smuggling of the above said items in extremely large amount is punished by the imprisonment for the term from three to seven years with the confiscation of property.

Note: Extremely large amount is 1000 and more salaries officially determined in Ukraine.

**This case investigation is not a political persecution.**

In the course of investigation was stated, that on May 10, 2007 the refined-cooper tubes were imported to Ukraine through the border point "Tisa" of the Chop Custom office, Zakarpatskaya region. On May 14, 2007 in the Custom office of Nikolaev the refined-cooper tubes (on the whole mass 19835kg) were official registered.
The Custom clearing of the mentioned good in Nikolaev Custom Office was carried out according to the fright custom declaration № 504000002\7\10444448 dated 14. 05. 07., CMR № 113680 and invoice № 0-2007\1 dated 09. 05. 07.
The above-mentioned documents state that the Seller of the Goods is the company "Bonis Logistics Inc." ( 619, New York, Avenue Claymont Delaware, 19703, USA), the Buyer and the Consignee is private enterprise " Zernotradeagro-

Ug"( Ukraine, Nikolaev). The total value of the Goods is 75412 hrvn., the exporting country is Hungary.

In fact, the above-mentioned Goods was delivered to the address of LLC " TEPLOHOLOD" (Ukraine, Nikolaev) from Serbia ( company "Fabrika Bakarnih Cevi A. D." Majdanpek Serbia) and according to the conclusion of the expert's report № 2307 on the Goods price dated 16. 05. 07., the real price of the Goods was 282441, 45 hrvn. on May 10, 2007.

The fright was transported by the truck " Iveco" № 068-35 PE, trailer № AO 0199 XX. The driver is the citizen of Ukraine Klepar Peter Petrovich .

Klepar P. P. was interrogated as a witness on this case. He explained that the above-said Goods had been loaded in Majdanpek Serbia, then the driver had delivered it to Budapest, Hungary. The Goods was executed in the Custom office as imported in Hungary by the company "NYK LOGISTICS" (H-1239, Budapest, Europa U. 8, C1, Bilk Center, Hungary), by its representative Laslo. After that export of the mentioned good in Ukraine was registered. Laslo gave the driver documents, that stated about realization of the refined-cooper tubes by the company "Bonis Logistics Inc." to the address of the private enterprise "Zernotradeagro- Ug"( Ukraine, Nikolaev, director Roosanov M. V.)

The director of the company "Bonis Logistics Inc."Rahil Igor Vasilyevich was interrogated as a witness. He explained that on the ground of the Contract № RIV- 03\07 dated 01. 11. 06. he had realized the above-said cooper tubes to the private enterprise "Zernotradeagro- Ug" at the price indicated in the invoice № 0-2007\1 dated 09. 05. 07. And before that he bought them in the company "NYK LOGISTICS"(H-1239, Budapest, Europa U. 8, C1, Bilk Center, Hungary), represented by Laslo Tomash. Rahil I. V. gave the packing list № 196\07 to the invoice № 31-2007\1 dated 08. 05. 07.

With the purpose to take a legitimate decision concerning persons involved in the crime it is necessary to find out all circumstances of this crime, to establish its organizers and their accomplices.

In the view of the above said and in accordance with the Agreement on mutual legal assistance between Ukraine and the United States of America dated 22. 07. 1998., we ask you to effect the following actions in USA:

To find out:
1). Is the company "Bonis Logistics Inc." (619, New York, Avenue Claymont Delaware, 19703, USA) registered in the USA? If it is so, who is the founder and the director of this company?

2). To establish the officials of the above-said company and interrogate them as witnesses on the following questions:
- what a post do they hold? And how long have they been holding this post?
- What kind of activity does the company "Bonis Logistics Inc." perform?
- Is there representation of this company in the Ukraine? If it is so, who is the director of this representation?

- Is there Rahil Igor Vasilyevich among the directors of the company "Bonis Logistics Inc." or among the directors of its representation? Does he have a right to conclude the agreements on behalf of this company? Does he have a right to sign and to set the seal to the documents?
- Was the seal of the company "Bonis Logistics Inc." given to Rahil I. V.? If it is so, who exactly has given it to him, when and on the ground of what documents and under what circumstances?
- Did the company "Bonis Logistics Inc." conclude the contract with the private enterprise "Zernotradeagro-Ug"(Ukraine, Nikolaev), on the delivery of the refined-cooper tubes ? Did the company "Bonis Logistics Inc." issue the invoice № 0-2007\1 dated 09. 05. 07.
- Did the company buy the above-said Goods in the company "NYK LOGISTICS"(H-1239, Budapest, Europa U. 8, C1, Bilk Center, Hungary)? If it is so, on the ground of what documents and at what cost?

During the interrogation to produce the witnesses the copies of the contract № RIV-03\07 dated 01.11.06 ., CMR № 113680, the invoice № 0-2007\1 dated 09. 05. 07. and packing list № 196\07 to the invoice № 31-2007\1 dated 08. 05. 07.

3. To withdraw in the company "Bonis Logistics Inc." the copies of the documents, on the ground of which Rahil I. V. was appointed to the post of the director. To withdraw the original documents with the samples of the seal of this company for carrying out experts' examination within the criminal case.

4. To withdraw the experimental samples of the company "Bonis Logistics Inc." seal impression (the decree about withdrawal of experimental samples of the seal impression is attached).

In case of the necessity, we ask you to effect another investigative actions with the purpose to obtain the information on import of the above-said Good to Ukraine.

If for some reasons the investigating actions cannot be carried out, we ask you to inform us about conditions of its fulfillment.

We are grateful in advance. And we take the opportunity to pay our respect and assure you of the readiness to the mutual cooperation.

The chief of the Investigation Department  
Of the Ukrainian Security in Nicolaev  
colonel of Justice                                                           V.S. Gerebtsov

The investigator:                                                            O.V. Sabengus  
Tel: +3 8 (0512)490-393  
+3 8 (063) 853-97-80

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM THE UKRAINE )
IN THE MATTER OF ) Misc No. 08-
BONIS LOGISTICS, INC. )

ORDER

Upon application of the United States of America; and upon examination of a letter of request from the Ukraine whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Ukraine and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Ukrainian authorities as follows:

   1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

   2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2008.


_____
United States District Court Judge

2